UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01088-MSK-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

ICON WORLD CORPORATION (dba
    ICON WORLD RESOURCES and
    ICON CORPORATION)
SUNCO RESOURCES, LLC,
JEFFREY M. ZAMORSKY,
JESSE ANTHONY "TONY" AGUILAR, and
CHRISTINE M. ZAMORSKY (aka CHRISTINE M. AGUILAR),

        Defendants.

## TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING CONCERNING PRELIMINARY INJUNCTION MOTION

This Matter comes before the Court pursuant to the Plaintiff's *Ex Parte* Motion for Temporary Restraining Order **(# 2)** and Motion for Preliminary Injunction **(# 4)**.

The Plaintiff commenced this action, alleging that the Defendants violated Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77(t)(b) and Section 21(d) of the Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u(d)(1), by having devised an implemented a scheme to defraud investors in the Defendants' alleged oil exploration activities. Among the allegations in the Complaint **(# 1)** are that the Defendants engaged in securities fraud, sold unregistered securities, and engaged in unlicensed activity as a securities broker or dealer.

The Plaintiff seeks a temporary restraining order pursuant to Fed. R. Civ. P. 65(b): (i) enjoining the Defendants from violating the antifraud, securities offering registration, and broker-dealer registration provisions of federal securities laws; (ii)

freezing the assets of Defendants; (iii) requiring Defendants to provide an accounting of investors' funds and Defendants' other assets; (iv) ordering expedited discovery; and (v) prohibiting Defendants from destroying or altering any documents.

Upon review of the materials submitted by the Plaintiff in conjunction with the Motion for Temporary Restraining Order, the Court finds that the Plaintiff has pled a *prima facie* case that each Defendant has violated the securities laws has occurred, and has come forward with evidence that there is a likelihood that, unless restrained and enjoined by order of this Court, the Defendants will continue to engage in acts, practices, and courses of business constituting violations of federal securities laws. Further, the SEC has met its burden under Rule 65(b)(1)(B) to show that this Order should issue without prior notice to Defendants to protect present and prospective investors from losing significant sums of money and to preserve remaining investor funds. However, other relief sought by the Plaintiff is premature.

Accordingly, it is hereby **ORDERED**

1. that pending the determination of the SEC's Motion for a Preliminary Injunction, Defendants Icon World Corporation (d/b/a/ Icon World Resources and Icon Corporation), SUNCO Resources, LLC, Jeffrey M. Zamorsky, Jesse Anthony "Tony" Aguilar, and Christine M. Zamorsky a/k/a/ Christine M. Aguilar, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order, are **ENJOINED** from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or

(2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act [15 U.S.C. §77q(a)].

 2. that, pending the determination of the SEC's Motion for a Preliminary Injunction, Defendants Icon World Corporation (d/b/a/ Icon World Resources and Icon Corporation), SUNCO Resources, LLC, Jeffrey M. Zamorsky, Jesse Anthony "Tony" Aguilar, and Christine M. Zamorsky a/k/a/ Christine M. Aguilar, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order, are **ENJOINED** from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

 3. that, pending the determination of the SEC's Motion for a Preliminary Injunction, Defendants Icon World Corporation (d/b/a/ Icon World Resources and Icon Corporation),

SUNCO Resources, LLC, Jeffrey M. Zamorsky, Jesse Anthony "Tony" Aguilar, and Christine M. Zamorsky a/k/a/ Christine M. Aguilar, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order, are **ENJOINED** from, directly or indirectly, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer and sell securities through the use or medium of a prospectus or otherwise, when no registration statement has been filed or is in effect as to such securities and when no exemption from registration is available in violation of Section 5 of the Securities Act [15 U.S.C. § 77e].

4. that, pending the determination of the SEC's Motion for a Preliminary Injunction, Defendants Jeffrey M. Zamorsky, Jesse Anthony "Tony" Aguilar, and Christine M. Zamorsky a/k/a/ Christine M. Aguilar, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order, are **ENJOINED** from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by acting as a broker or dealer (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) and making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered as provided by law.

5. that, pending the determination of the SEC's Motion for a Preliminary Injunction at a hearing on the merits:

    A. Those assets of the Defendants Icon World Corporation (d/b/a/ Icon World Resources and Icon Corporation), SUNCO Resources, LLC, Jeffrey M. Zamorsky, Jesse Anthony "Tony" Aguilar, and Christine M. Zamorsky a/k/a/ Christine M. Aguilar, <u>that are traceable to or can be reasonably be shown to be dervied from the conduct alleged in the Complaint</u> are **FROZEN**, and Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys in fact, and those persons in active concert or participation with them who receive notice of this Order, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of those assets;

    B. Any bank, financial or brokerage institution or other person or entity holding any funds that are <u>traceable to or can reasonably be shown to be derived from the conduct alleged in the Complaint</u>, in the name of, for the benefit of, or under the control of Defendants Icon World Corporation (d/b/a/ Icon World Resources and Icon Corporation), SUNCO Resources, LLC, Jeffrey M. Zamorsky, Jesse Anthony "Tony" Aguilar, and Christine M. Zamorsky a/k/a Christine M. Aguilar, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

6. that, pending determination of the SEC's Motion for a Preliminary Injunction, Defendants Icon World Corporation (d/b/a Icon World Resources and Icon Corporation), SUNCO Resources, LLC, Jeffrey M. Zamorsky, Jesse Anthony "Tony" Aguilar, and Christine M. Zamorsky a/k/a Christine M. Aguilar, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of this Order, are hereby **ENJOINED** from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's Complaint in this action, or to any communications between or among any of the Defendants.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

7. that the Plaintiff shall serve copies of this Order, and all pleadings filed in this action to date, upon each Defendant in any manner authorized by Rule 5 of the Federal Rules of Civil Procedure, at or before **5:00 p.m.** on **May 23, 2008**, or shall show good cause why such time for service should be extended.

8. that a non-evidentiary hearing is scheduled for **4:00 p.m.** on **Wednesday, May 28, 2008**, for the purpose of addressing ssues arising pursuant to the Plaintiff's Motion for

Preliminary Injunction and to schedule an evidentiary preliminary injunction hearing, if necessary.

Dated this 22d day of May, 2008

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge