IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01088-MSK-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
      Plaintiff,
v.

JEFFREY M. ZAMORSKY,
JESSE ANTHONY "TONY" AGUILAR, and
CHRISTINE M. ZAMORSKY a/k/a CHRISTINE AGUILAR,[1]
      Defendants.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
FOR FINAL JUDGMENT AS TO DEFENDANT CHRISTINE M. ZAMORSKY

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the Motion for Default Judgment against Defendant Christine M. Zamorsky (doc. # 78) and Memorandum in Support (doc. # 79) filed by Plaintiff United States Securities and Exchange Commission ("SEC") on May 13, 2009. Pursuant to the Order of Reference dated May 27, 2008 (doc. # 11) and the memorandum dated May 13, 2009 (doc. # 80), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, the pleadings, the evidence, the entire case file, and the applicable law and is sufficiently advised in the premises.

---

[1] Defendants Icon World Corporation d/b/a Icon World Resources and Icon Corporation ("Icon") and its affiliate SUNCO Resources, LLC ("SUNCO") were dismissed from this action on March 31, 2009. (*See* "Opinion and Order Denying Motion for Preliminary Injunction and Granting Motions for Default Judgment" (doc. # 69)). Also on March 31, 2009, judgments by default were entered against Defendants Jeffrey Zamorsky and Jesse Aguilar. (*See id.*).

1

I.      Statement of the Case

Plaintiff United States Securities and Exchange Commission ("SEC") filed the Complaint on May 22, 2008, seeking a permanent injunction, disgorgement plus prejudgment interest, and civil penalties for violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), 77q, Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78o(a), and Rule 10b-5 under the Exchange Act, 17 C.F.R. §240.10b-5, based on a scheme by Defendants to defraud investors in oil and gas exploration activities. (*See* doc. # 1). The allegations in the Complaint include that Defendants engaged in securities fraud, sold unregistered securities, and engaged in unlicensed activity as securities brokers and/or dealers.

As of this date, Ms. Zamorsky has not appeared, filed an Answer, or otherwise responded in this action. On May 11, 2009, the Clerk of the Court entered default against Ms. Zamorsky pursuant to Fed. R. Civ. P. 55(a). (*See* doc. # 77). The SEC has now moved for default judgment against Ms. Zamorsky.

II.     Standard of Review

Default judgment may enter against a party who fails to appear or otherwise defend. Pursuant to Fed. R. Civ. P. 55(b), judgment by default may be entered:

. . .

>   **(2) By the Court.**  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person . . . .

"[A] party is not entitled to a default judgment as of right; rather the entry of a default

judgment is entrusted to the sound judicial discretion of the court." *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (internal quotation marks and citation omitted).  "[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party."  *Id.* at 282 (internal quotation marks and citation omitted).  *See also Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138, 1143 (D.C.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof").

III.    Findings and Conclusions

In determining whether a claim for relief has been established, the well-pleaded facts in the complaint are deemed true.  *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  *See also DIRECTV, Inc. v. Bloniarz*, 336 F. Supp. 2d 723, 725 (W.D. Mich. 2004) ("It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability").  In addition, the court accepts the undisputed facts set forth in the declarations filed in support of "Plaintiff's Motion for *Ex Parte* Temporary Restraining Order, Asset Freeze, Motion for Preliminary Injunction and Other Relief" (*see* docs. # 5-2, # 5-3, # 5-4, # 5-5, # 5-6, # 5-7, # 5-8, and # 5-11), the Motions for Default Judgments against Jesse Aguilar and Jeffrey Zamorsky (*see* docs. # 59-2 and # 59-3), and the Motion for Default Judgment against Christine M. Zamorsky (*see* doc. # 79-2).

The court has jurisdiction over the subject matter of this civil action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. §77v(a), and Sections 21(d), 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u (d) and (e) and 78aa. *See also* 28 U.S.C. §1331 (original jurisdiction of all civil actions arising under the laws of the United States) and §1345 (original jurisdiction of all civil actions commenced by the United States). Venue is appropriate in this District pursuant to 15 U.S.C. §§ 77u(a) and 78aa and 28 U.S.C. §1391(b)(1) & (2) as during the period of conduct alleged herein, Icon and SUNCO maintained offices in Colorado, many of the acts and practices described in the Complaint occurred in Colorado, and upon information and belief, Ms. Zamorsky is a resident of Castle Rock, Colorado. The court has personal jurisdiction over Ms. Zamorsky based upon service of copies of the Summons, Complaint, and other documents on Ms. Zamorsky on April 9, 2009. (*See* doc. # 71). Ms. Zamorsky is an individual, not an infant, incompetent person, or currently in military service. (*See* "Declaration of Nancy J. Gegenheimer in Support of Plaintiff's Motion for Entry of Default . . ." (doc. # 75-2); Department of Defense Manpower Data Center - Military Status Report (doc. # 75-2)).

The SEC's Complaint is supported by the well-pleaded allegations and the evidence. The undisputed allegations and evidence before the court demonstrate that Defendants offered and sold securities to investors in the form of Icon and SUNCO undivided fractional interests in specific oil and gas wells in Ohio, Michigan, and Colorado. The Ohio, Michigan and Colorado offering materials promised investors profits resulting from oil and gas well production. Defendants offered and sold these securities using the means or instruments of interstate commerce, including but not

4

limited to telephones, the Internet, commercial couriers, and the mails. However, Icon and SUNCO did not own any interest in the oil and gas wells, did not have any rights to sell interests on behalf of the rightful owners of the wells, and did not pay funds to contractors necessary to develop the wells. No registration statement was in effect and no registration statement was filed with the SEC for the offers and sales of securities of Icon or SUNCO. Defendants also failed to disclose to investors that two of Icon and SUNCO's three principals – Tony Aguilar and Christine Zamorsky -- were convicted felons, and that Tony Aguilar had conducted a previous oil and gas offering fraud in Texas during 1999 and 2000. (*See* doc. # 1).

Jeff Zamorsky, Tony Aguilar, and Christine Zamorsky created the false and misleading Ohio, Michigan and Colorado offering materials by repeatedly obtaining confidential information from legitimate oil and gas contractors that owned interests in oil and gas wells or prospects. In each instance, one or more of the Defendants approached the contractor, and indicated that Icon sought to purchase an interest in specific wells. Icon never consummated any agreement to purchase an interest in any wells or prospects. Instead, after obtaining the contractor's confidential information during preliminary negotiations, and without the contractors' permission or knowledge, Icon and SUNCO used the confidential information to prepare false and misleading offering materials. The confidential information obtained during negotiations was often copied and placed in the offering materials, making it appear that Icon and SUNCO owned interests in the specific wells or prospects. (*See* doc. # 1).

Jeff Zamorsky, Tony Aguilar, and Christine Zamorsky personally directed the sale of Icon and SUNCO securities through boiler room sales representatives through at

5

least three sales teams located, during the relevant time period, in Colorado Springs, Colorado, and Houston, Texas. Jeff Zamorsky, Tony Aguilar, and/or Christine Zamorsky set up each office, hired unregistered sales representatives, and provided them with prospective investor lead lists and the false and misleading written offering materials. The Icon and SUNCO sales representatives then contacted investors nationwide, and mailed them the false and misleading offering materials. (*See* doc. # 1).

During the period of conduct alleged in the Complaint, Ms. Zamorsky was the vice-president of Icon. She also functioned and held herself out to the public as a principal of SUNCO. Ms. Zamorsky has never held any securities licenses nor been affiliated with a broker-dealer registered with the SEC. Ms. Zamorsky, through Icon and SUNCO, raised more than $1 million from twenty nine or more investors in sixteen states through the fraudulent and unregistered sale of interests in oil and gas wells. (*See* doc. # 59-3 at ¶ 3).

The undisputed allegations and evidence before the court demonstrate that:

1.      Ms. Zamorsky, directly and indirectly, with scienter, by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, employed a device, scheme or artifice to defraud in the offer or sale of securities.

2.      Ms. Zamorsky engaged in transactions, practices or courses of business which operated as a fraud or deceit upon the purchaser of securities.

3.      Ms. Zamorsky, acting with scienter, by use of means or instrumentalities of interstate commerce or of the mails, or of any facility of a national securities

exchange, used or employed, in connection with the purchase or sale of a security, a manipulative or deceptive device or contrivance in contravention of the rules and regulations of the SEC; employed devices, schemes or artifices to defraud; made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, 15 U.S.C. §§ 78j(b) and 17 C.F.R. § 240.10b-5).

4. Ms. Zamorsky, through means or instruments of transportation or communication in interstate commerce or the mails, directly or indirectly, offered to sell and sold securities through the use or medium of a prospectus for which no registration statement was in effect or on file.

5. Ms. Zamorsky violated Section 15(a)(1) of the Exchange Act by acting as an unregistered broker-dealer in connection with the offer and sale of Icon and SUNCO fractional, undivided interests in oil and gas projects.

6. Ms. Zamorsky has committed the alleged violations of the securities laws and is liable for disgorgement of $1,373,995.00 plus pre-judgment interest through February 29, 2008 in the amount of $90,468.53 plus civil money penalties in the amount of $150,000.00 pursuant to pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d)(3)B)(iii).  (*See* doc. # 79-2).

Accordingly, IT IS RECOMMENDED that:

I.      The Motion for Default Judgment against Defendant Christine M. Zamorsky (doc. # 78) filed by Plaintiff United States Securities and Exchange Commission on May 13, 2009 be GRANTED.

II.     Default judgment be entered on the Complaint in favor of Plaintiff United States Securities and Exchange Commission as follows:

A.     Ms. Zamorsky and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise be permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    1.    to employ any device, scheme, or artifice to defraud;

    2.    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    3.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

B.     Ms. Zamorsky and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise be permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      1.    to employ any device, scheme, or artifice to defraud;

      2.    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      3.    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

C.    Ms. Zamorsky and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise be permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, directly or indirectly, in the absence of any applicable exemption:

      1.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

      2.    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

      3.    making use of any means or instruments of transportation or communication in  interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

D. Ms. Zamorsky and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise be permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o, by acting as a broker or dealer (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) and making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered as provided by law.

E. Ms. Zamorsky be liable for disgorgement of $1,373,995, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $90,468.53 and civil penalties in the amount of $150,000.00. The SEC may enforce the court's judgment for disgorgement, prejudgment interest, and civil penalties through collection procedures authorized by law. Payments under this paragraph shall be made directly to the SEC and the SEC shall be responsible for all record keeping and appropriate distribution of the judgment amounts. Ms. Zamorsky relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to her. Ms. Zamorsky shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

F. The court retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

G. There being no further claims pending against any Defendant and no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court be ordered to enter this Final Judgment without further notice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  See *Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 15th day of June, 2009.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge