IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01088-MSK-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

JEFFREY M. ZAMORSKY,
JESSE ANTHONY "TONY" AGUILAR, and
CHRISTINE M. ZAMORSKY (aka CHRISTINE M. AGUILAR),

        Defendants.

_____

## DEFAULT JUDGMENT
_____

**PURSUANT TO** the Court's February 1, 2010 Order Adopting Recport and Recommendation **(# 85)** and granting the Plaintiff's Motion for Default Judgment **(# 78)** against Defendant Christine M. Zamorsky, judgment by default is hereby entered in favor of the United States Securities and Exchange Commission and against Defendant Christine M. Zamorsky as follows:

**A**. Ms. Zamorsky and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    1. to employ any device, scheme, or artifice to defraud;

    2. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    3. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

  **B**. Ms. Zamorsky and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    1. to employ any device, scheme, or artifice to defraud;

    2. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    3. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  **C.** Ms. Zamorsky and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, directly or indirectly, in the absence of any applicable exemption:

       1. unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

       2. unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

       3. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**D.** Ms. Zamorsky and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are **PERMANENTLY RESTRAINED AND ENJOINED** from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o, by acting as a broker or dealer (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) and making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered as provided by law.

**E.** Ms. Zamorsky shall pay, in the nature of disgorgement, the sum of $1,373,995,

representing profits gained as a result of the conduct alleged in the Complaint, together withprejudgment interest thereon in the amount of $90,468.53 and civil penalties in the amount of $150,000.00.  The SEC may enforce the court's judgment for disgorgement, prejudgment interest, and civil penalties through collection procedures authorized by law. Payments under this paragraph shall be made directly to the SEC and the SEC shall be responsible for all record keeping and appropriate distribution of the judgment amounts. Ms. Zamorsky relinquishes all legal and equitable right, title, and interest in such payments, and no part of thefunds shall be returned to her. Ms. Zamorsky shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**F**. The court retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated this 1st day of February, 2010

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge